Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000659
31-AUG-2017
08:41 AM

NO. CAAP-16-0000659

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MK KONA COMMONS LLC, by and through its
managing agent CBRE, Plaintiff-Appellant, v.
BUSINESS BROKERS HAWAII-WEST LLC, a Hawaii limited
liability company, doing business as KONA WINE MARKET;
TIMOTHY DRIEDGER and JENNIFER DRIEDGER, Defendants-Appellees

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
NORTH AND SOUTH KONA DIVISION
(CIVIL NO. 3RC14-1-667K)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Plaintiff-Appellant MK Kona Commons LLC (**MK Kona**)

appeals from the Amended Findings of Facts and Conclusions of

Law; Amended Judgment (**Amended Judgment**) entered by the District

Court of the Third Circuit, North and South Kona Division

(**District Court**),[1] on September 7, 2016.

MK Kona filed a complaint against Defendants-Appellees

Business Brokers Hawaii-West LLC, doing business as Kona Wine

Market, Timothy Driedger, and Jennifer Driedger (collectively,

**Defendants**).  Defendants filed a counterclaim.  After a bench

---

[1]    The Honorable Margaret K. Masunaga presided.

trial, on August 2, 2016, the District Court entered Findings of Facts and Conclusions of Law; Judgment, which entered judgment in MK Kona's favor and against all Defendants. Thereafter, MK Kona filed a motion requesting attorneys' fees and costs, which was denied. The District Court entered the Amended Judgment, stating that each party shall bear its own attorneys' fees and costs.

MK Kona raises two points of error, arguing that the District Court erred: (1) in not awarding MK Kona its reasonable attorneys' fees pursuant to Hawaii Revised Statutes (HRS) § 607-14, because this action is in the nature of assumpsit, and/or was an action on a written contract that provides for attorneys' fees, and MK Kona was the prevailing party; and (2) in not awarding MK Kona its costs pursuant to HRS § 607-9 and Hawai'i District Court Rules of Civil Procedure (DCRCP) Rule 54(d) because MK Kona was the prevailing party and the District Court gave no explanation for its denial of costs.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve MK Kona's contentions as follows:

(1)   HRS § 607-14 (2016) provides, in relevant part:

> **§ 607-14 Attorneys' fees in actions in the nature of assumpsit, etc.** In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court

2

determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.

Where the note or other contract in writing provides for a fee of twenty-five per cent or more, or provides for a reasonable attorney's fee, not more than twenty-five per cent shall be allowed.

Where the note or other contract in writing provides for a rate less than twenty-five per cent, not more than the specified rate shall be allowed.

. . . .

The above fees provided for by this section shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment.

Generally, "under HRS § 607-14, if the prevailing party meets all the requirements set forth therein, the statute _mandates_ an award of reasonable attorneys' fees." Enoka v. AIG Hawaii Ins. Co., 109 Hawai'i 537, 560, 128 P.3d 850, 873 (2006) (emphasis in original) (citing Finley v. Home Ins. Co., 90 Hawai'i 25, 38, 975 P.2d 1145, 1158 (1998)). Therefore, the statute requires that the trial court grant reasonable attorneys' fees to the prevailing party if (1) the action is in the nature of assumpsit; or (2) the action is on a promissory note or other contract in writing that provides for attorneys' fees.

"The 'prevailing party' is the one who prevails on the disputed main issue. Even if the party does not prevail to the extent of his original contention, he will be deemed to be the successful party for the purpose of taxing costs and attorney's fees." Nelson v. Hawaiian Homes Comm'n, 130 Hawai'i 162, 165, 307 P.3d 142, 145 (2013) (citations, some quotation marks, and brackets omitted). Here, MK Kona prevailed, in part, on its claim against Defendants for rent and charges in the amount of $139.93, as well as on its claim for damages for repairs to the leased space in the amount of $13,161.70. Defendants filed a

counterclaim for breach of contract, fraud in the inducement, intentional and/or negligent misrepresentation, and unfair or deceptive trade practices. Defendants' unfair or deceptive trade practices claim was dismissed by stipulation (with no agreement as to fees and costs), and the District Court otherwise dismissed Defendants' counterclaim with prejudice after trial. The District Court entered judgment in favor of MK Kona and against all Defendants. Therefore, we conclude that MK Kona was the prevailing party.

MK Kona sought rent, charges, and damages for obligations stated in the subject lease agreement. Its claims were clearly in the nature of assumpsit. See Blair v. Ing, 96 Hawai'i 327, 332, 31 P.3d 184, 189 (2001). Defendants' counterclaim included a mixture of assumpsit and non-assumpsit claims, alleging claims of breach of contract, fraud in the inducement, intentional and/or negligent misrepresentation, and unfair or deceptive trade practices.

As MK Kona was the prevailing party and its claims were in the nature of assumpsit,[2] we conclude that the District Court abused its discretion in denying MK Kona its attorneys' fees. See Price v. AIG Hawai'i Ins. Co., 107 Hawai'i 106, 110, 111 P.3d 1, 5 (2005). We note, however, as the counterclaim included both assumpsit and non-assumpsit claims, on remand, the District Court must base its award of fees, if practicable, on an apportionment

---

[2] In addition, as MK Kona contends, the subject lease is a contract in writing that provides for payment of attorneys' fees, litigation expenses, and court costs incurred in its enforcement. The nature of this action is within the fees and costs provisions in the lease.

of the fees claimed between the assumpsit and non-assumpsit claims. Blair, 96 Hawai'i at 332, 31 P.3d at 189.

(2) Regarding costs, HRS § 607-9 (2016) states:

> **§ 607-9 Cost charges exclusive; disbursements.** (a) No other costs of court shall be charged in any court in addition to those prescribed in this chapter in any suit, action, or other proceeding, except as otherwise provided by law.
> (b) All actual disbursements, including but not limited to, intrastate travel expenses for witnesses and counsel, expenses for deposition transcript originals and copies, and other incidental expenses, including copying costs, intrastate long distance telephone charges, and postage, sworn to by an attorney or a party, and deemed reasonable by the court, may be allowed in taxation of costs. In determining whether and what costs should be taxed, the court may consider the equities of the situation.

Although the trial court has discretion in awarding costs,

> Rule 54(d) creates a strong presumption that the prevailing party will recover costs . . . [and] the court may not deny costs to the prevailing party without explanation, unless the circumstances justifying denial of costs are plain from the record. Not only must the court explain its reasons for denying costs to the prevailing party, but the reasons given must also be adequate. The presumption that the prevailing party is entitled to costs must be overcome by some showing that an award would be inequitable under the circumstances. The losing party bears the burden of making this showing.

Wong v. Takeuchi, 88 Hawai'i 46, 52, 961 P.2d 611, 617 (1998) (brackets omitted) (quoting 10 Moore's Federal Practice § 54.101(1)(a-b) (3d ed. 1998)).

A "trial court abuse[s] its discretion in reducing the amount of taxable costs awarded 'without explanation or a readily discernable rationale.'" Schefke v. Reliable Collection Agency, Ltd., 96 Hawai'i 408, 459, 32 P.3d 52, 103 (2001) (quoting Finley, 90 Hawai'i at 38, 975 P.2d at 1158).

Here, at the hearing on MK Kona's motion, the only explanation the District Court gave for denying costs appeared to be that the court had the discretion to do so. This is not an

"adequate" reason. Upon review, there is no other readily discernible rationale for the District Court's denial of costs.

On appeal, Defendants contend that they overcame the presumption favoring an award of costs because "MK Kona's argument seeking recovery of attorneys' fees and costs relied upon certain trial exhibits which were never received into evidence due to MK Kona's objection, which the District Court sustained." In its motion seeking attorney's fees and costs, MK Kona attached "Exhibit E" and stated that the exhibit "reflects Defendants' damage calculation on their Counterclaim of $36,855.00." MK Kona presumably attached this document because under HRS § 607-14 the amount of attorney's fees taxed "shall not exceed twenty-five per cent of the judgment," and, as MK Kona was the counterclaim defendant, the attorney's fees shall be assessed "on the amount of the judgment" and "upon the amount sued for if the defendant obtains judgment." See HRS § 607-14. However, HRS § 607-9 and DCRCP Rule 54(d) do not similarly limit costs based on the amount of the judgment or amount sued for.

In addition, Defendants' argument to the District Court that they "prevailed" on the difference between the amount of damages MK Kona sought and the amount of damages awarded in the judgment is without merit. MK Kona prevailed on the merits of its breach of contract claim, as well as the counterclaim. Though MK Kona did not "prevail to the extent of [its] original contention" in regard to money damages, MK Kona is nonetheless "deemed to be the successful party for the purpose of taxing costs and attorney's fees." Nelson, 130 Hawai'i at 165, 307 P.3d

6

at 145; see also MFD Partners v. Murphy, 9 Haw. App. 509, 514, 850 P.2d 713, 715-16 (1992).

Accordingly, we conclude that the District Court abused its discretion in denying costs without an adequate explanation or a readily discernible rationale.

For these reasons, the District Court's September 7, 2016 Amended Judgment is vacated in part, with respect to its denial of MK Kona's request for attorneys' fees and costs, and this case is remanded to the District Court for further proceedings.

DATED: Honolulu, Hawai'i, August 31, 2017.

On the briefs:

Yuriko J. Sugimura,
(Bendet Fidel Sugimura)
for Plaintiff-Appellant.

Joseph Fagundes III
for Defendants-Appellees.

Presiding Judge

Associate Judge

Associate Judge